O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STRAUSS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No. EDCV 12-2033 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

　　　The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[2]

---

[1] 　　The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

[2] 　　As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
(continued...)

**A.    Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 12-15.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where as here the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that he could not work because he experiences random panic attacks (see AR 36) that make him agitated and unable to talk or deal with people (see AR 38). Plaintiff also completed an Adult Function Report stating that his daily activities include helping his girlfriend's daughter prepare for school and doing daily errands with his girlfriend (see AR 158); that his housework includes cleaning, laundry, and household chores (see AR 160); that he gets around by walking, riding in a car, and using public transportation (see AR 161); that he shops for food and clothes with his girlfriend (see id.); and that his hobbies include

---

[2](...continued)
which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

2

watching sports and listening to music (see AR 162).

The ALJ provided two reasons for not crediting plaintiff's subjective symptom testimony. First, the ALJ noted that, with respect to the activities above, plaintiff had described a "rather normal level of everyday activities despite his alleged limitations." (See AR 23-24.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because plaintiff's claimed inability to tolerate human interaction was inconsistent with his daily activities. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (ALJ could reasonably conclude that claimant's activities – including walking her two grandchildren to school, attending church, shopping, and taking walks – undermined her claim that she was incapable of being around people without suffering from debilitating panic attacks). Although plaintiff contends that there was no such inconsistency because his panic attacks had intervals during which he could perform his daily activities (see Jt Stip at 14-15), this only indicates at best that the ALJ's interpretation of his testimony may not have been the only reasonable one. Nonetheless, it was still a reasonable interpretation and was supported by substantial evidence. Accordingly, it is not the role of the Court to second-guess it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (even if ALJ's interpretation of plaintiff's testimony about her daily activities was not the only reasonable one, it was still a reasonable interpretation and therefore not subject to second-guessing).

Second, the ALJ noted that treatment notes dated August 19, 2010 indicated that plaintiff had normal speech, did not have psychotic thinking, but was diagnosed with panic attacks (see AR 24; see also AR 196); and that findings from the consultative examination by Dr. Rodriguez indicated that plaintiff was able to follow the conversation well and was relevant and non-delusional (see AR 24; see also AR 200, 201). Accordingly, the ALJ concluded that "the objective medical evidence does not support the alleged severity of symptoms." (See AR 25.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support

of his adverse credibility determination. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) (ALJ may properly rely on lack of objective support for claimant's subjective complaints of depression); Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986) (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").[3]

The Court therefore finds and concludes that reversal is not warranted here based on the ALJ's adverse credibility determination.

**B.  The ALJ failed to properly consider the opinion of the examining physician (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's determination of plaintiff's residual functional capacity ("RFC") in light of the opinion of the examining physician, Dr. Rodriguez. (See Jt Stip at 4-7.)

To reject the uncontradicted opinion of an examining physician, an ALJ must

---

[3] However, even assuming arguendo that this was not a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because it was premised, as discussed below, on the ALJ's improper evaluation of Dr. Rodriguez's opinion, any such error would be harmless given the legal sufficiency of the first reason. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008).

provide "clear and convincing" reasons.  Where, as in this case, the examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record.  See Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294,1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ found that plaintiff had an RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: non-public, simple, repetitive tasks; occasional (one third of the day) interpersonal contact with others; and no fast-paced work, such as on a conveyor belt.  (See AR 23.)  In determining plaintiff's RFC, the ALJ stated that he was according "great weight" to the opinion of Dr. Rodriguez.  (See AR 25.)  The ALJ also stated that Dr. Rodriguez "assessed functional limitations that are essentially the same as those included in the residual functional capacity assessment herein."  (See AR 25.)

Plaintiff points out that, contrary to the latter statement, Dr. Rodriguez assessed several functional limitations that were not essentially the same as those in the ALJ's RFC assessment, particularly a "moderate limitation" in plaintiff's "ability to perform work activities without special or additional supervision."[4]  (See Jt Stip at 5; see also AR 202.)  Accordingly, plaintiff contends, the ALJ erred in determining plaintiff's RFC because he failed to include all of plaintiff's limitations.  (See Jt Stip at 5.)

The Court concurs.  The ALJ erred by stating that he was according great

---

[4]     Dr. Rodriguez also assessed plaintiff with moderate limitations in the following areas of functioning: (1) relating and interacting with supervisors, coworkers, and the public; (2) maintaining concentration and attention, persistence, and pace; (3) adapting to the stresses common to a normal work environment; and (4) maintaining regular attendance in the work place and performing work activities on a consistent basis.  (See AR 202.)

weight to Dr. Rodriguez's opinion while implicitly rejecting, without explanation, the critical parts of Dr. Rodriguez's opinion that were not essentially the same as the RFC determination, and in particular the moderate limitation in plaintiff's ability to perform work activities without special or additional supervision. Rather, the ALJ was required to provide legally sufficient reasons to reject those parts of Dr. Rodriguez's opinion. See Regennitter, 166 F.3d at 1298-99; Lester, 81 F.3d at 830-31; Andrews, 53 F.3d at 1041; Bayliss, 427 F.3d at 1216.

Moreover, the case cited by the Commissioner in support of her position that there was no error in the ALJ's RFC determination, Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), is distinguishable. There, the Ninth Circuit noted that a restriction to simple tasks was the only concrete restriction identified in the medical testimony and held that such a restriction adequately captured any possible limitations in concentration, persistence, or pace because it was consistent with a medical source's ultimate conclusion. See id. at 1173-74. Here, by way of contrast, the non-exertional limitations set out in the ALJ's RFC determination were not the only concrete restrictions identified in the medical testimony, and no medical source ultimately concluded that such limitations adequately captured a moderate limitation in plaintiff's ability to perform work activities without special or additional supervision or any of the other moderate limitations assessed by Dr. Rodriguez.

The Court therefore finds that the ALJ's RFC determination was erroneous because it was based on an improper evaluation of Dr. Rodriguez's opinion.

**C.     This case should be remanded for further administrative proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand for the payment of benefits is appropriate where no useful purpose

would be served by further administrative proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. <u>See, e.g.</u>, <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984); <u>Lewin</u>, 654 F.2d at 635. Remand for further proceedings also is warranted "where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." See <u>Hill v. Astrue</u>, 698 F.3d 1153, 1162 (9th Cir. 2012).

Here, plaintiff points out that the vocational expert testified that a moderate limitation in plaintiff's ability to perform work activities without special or additional supervision would preclude plaintiff from performing any work. (<u>See</u> Jt Stip at 5; <u>see also</u> AR 46.) Accordingly, plaintiff contends that the record directs a finding of disability, and that the appropriate remedy is an order for payment of benefits, rather than remand for further proceedings. (<u>See</u> Jt Stip at 6.)

However, the Court finds that there are outstanding issues that must be resolved and that it is not clear from the record that the ALJ would be required to find plaintiff disabled if Dr. Rodriguez's opinion had been properly evaluated.

Notably, although Dr. Rodriguez's opinion set out several moderate limitations in plaintiff's ability to function, the VE testified that most of the limitations would not preclude work; only the limitation in plaintiff's ability to perform work activities without special or additional supervision caused the VE to testify that no work could be performed. (<u>See</u> AR 47.) Even so, the VE stated that he had "difficulty" in understanding the concept of a moderate limitation in a person's ability to perform work activities without special or additional supervision, but the difficulty was not squarely addressed at the hearing. (<u>See</u> <u>id.</u>) Moreover, other parts of Dr. Rodriguez's

7

opinion were clearly inconsistent with a finding of disability. Specifically, Dr. Rodriguez's examination findings were inconsistent with debilitating symptoms: for example, Dr. Rodriguez found that plaintiff's thought processes were coherent and organized, his thought content was relevant and non-delusional, his speech had a normal rate and tone, and his intellectual functioning indicated at least average intelligence. (See AR 200.) Dr. Rodriguez also gave a prognosis that, with proper treatment and abstention from drugs, plaintiff "could easily recover from his symptoms within twelve months." (See AR 202.) Since Dr. Rodriguez's opinion on the whole is ambiguous, the Court has concluded that the appropriate remedy here is a remand for further proceedings so that the ALJ may either interpret Dr. Rodriguez's opinion or develop the record further to determine the proper interpretation. See Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("Where the [Commissioner] is in a better position than this court to evaluate the evidence, remand is appropriate.").

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT THEREFORE IS ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: September 9, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.